Filed 9/16/24  P. v. Negrette CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID MICHAEL NEGRETTE,<br><br>    Defendant and Appellant. | 2d Crim. No. B330452<br>(Super. Ct. No. 1387246)<br>(Santa Barbara County) |

David Michael Negrette appeals a judgment following a 2023 resentencing hearing under Penal Code section 1172.75.[1]  In 2013, Negrette pled no contest to two counts of second degree robbery (§ 211); first degree burglary (§ 459); unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)); and evading an officer (*id.*, § 2800.2, subd. (a)).  The trial court sentenced him to an aggregate 18-year prison term.  That sentence included a one-

---

[1] All statutory references are to the Penal Code unless otherwise stated.

year prior prison term enhancement and a five-year prior serious felony conviction enhancement.

At the 2023 resentencing hearing, the trial court dismissed the one-year prior prison term enhancement (§ 667.5, subd. (b)) and resentenced Negrette to an aggregate 17-year prison term. It rejected Negrette's request to dismiss the five-year prior serious felony conviction enhancement (Pen. Code, § 667, subd. (a)(1)), finding that Negrette was a danger to public safety.

We conclude, among other things, that: 1) the trial court did not abuse its discretion by deciding not to strike the enhancement, but 2) the court erred by not deciding Negrette's custody credits. We remand to the trial court to decide his custody credits. In all other respects, we affirm.

FACTS

On May 23, 2011, Negrette entered a bank. He gave the teller a note stating, "This is a holdup." The teller gave him more than $3,000.

On June 9, 2011, Negrette went back to the bank. He approached the teller and stated, "Give me all your money fast." The teller opened the "cash drawers" and gave him $2,292.

On the evening of June 9, Georgia Young noticed that her 2001 Toyota Avalon was missing. It had been parked in the garage of her residence. She called police.

A sheriff's deputy spotted the stolen vehicle. He activated his lights and siren and pursued the vehicle. Negrette fled. He reached speeds "in excess of 120 miles an hour." He went off the freeway and crashed into a ditch.

In 2013, Negrette pled no contest to two counts of second degree robbery, first degree burglary, unlawful taking a vehicle,

and evading an officer. The trial court sentenced him to 18 years in prison.

In 2021, the Legislature enacted section 1172.75. It retroactively invalidated, with one exception, any sentence that included a one-year prior prison term enhancement. (§ 667.5, subd. (b).) Where a defendant has such an enhancement, the trial court is required to strike it and to "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Negrette's sentence included the one-year enhancement and a five-year prior serious felony enhancement. (§ 667, subd. (a)(1).) After notification from the Secretary of the Department of Corrections and Rehabilitation that Negrette's sentence included a one-year enhancement (§ 667.5, subd. (b)), the trial court scheduled a resentencing hearing.

Negrette requested the trial court to strike both the one-year enhancement (§ 667.5, subd. (b)) and the five-year enhancement (§ 667, subd. (a)(1)). As to the five-year enhancement, he claimed there were mitigating factors that supported striking it, including that the current offense was connected to mental illness; he was 24 years old when he committed the offense that qualified for the five-year enhancement; and the enhancement is based on an old conviction.

The People opposed striking the five-year enhancement because of Negrette's long criminal record, his unsatisfactory performance on parole, and his violent conduct while in prison.

The trial court struck the one-year enhancement and resentenced Negrette to an aggregate prison term of 17 years. It denied the request to strike the five-year enhancement. (§ 667, subd. (a)(1).)

The trial court found, "The Defendant suffers from a long criminal history, as well as a significant history of an unwillingness to abide by the rules. Specifically, the Defendant has been convicted of forcible rape, been to prison five times, and in the current offense robbed a bank twice, committed residential burglary, and led deputies on a dangerous, high-speed chase. While in prison, the Defendant has suffered several rules violations, tested positive for marijuana multiple times, made alcohol in his cell, and has been involved in multiple fights. Taking all of the above into account, the Court finds that the Defendant continues to be a threat to public safety and uses its discretion to not strike the Penal Code Section 667 [subdivision (a)(1)] enhancement."

## DISCUSSION

### *Not Striking the Five-Year Enhancement*

Negrette contends the trial court erred by not striking the five-year enhancement (§ 667, subd. (a)(1)) because it did not make sufficient findings on the mitigation factors he presented.

"Section 1385 [subdivision] (c)(2) provides that in determining whether to dismiss an enhancement 'under this subdivision,' the court must consider nine listed mitigating circumstances if proven by the defendant [citation], *'unless the court finds that dismissal of the enhancement would endanger public safety.'* " (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 296, italics added.) "That provision means that if the court finds that dismissal of an enhancement 'would endanger public safety,' then the court *need not consider* the listed mitigating circumstances." (*Ibid.*, italics added.) The trial court found Negrette was a danger to public safety.

Moreover, the trial court's findings show it considered mitigating factors. It ruled, "[T]his court does not find that there are any new *mitigating circumstances* that would warrant the granting of a *Romero* motion." (Italics added.) It said there was no "documentation" to show psychological factors as a contributing factor. The court also found Negrette's conduct in prison was not mitigating; it was "aggravating."

Negrette claims the trial court did not mention all the mitigating factors in the statute and the factors he proposed as mitigating. But "we presume the trial court followed the law." (*People v. Jones* (2022) 86 Cal.App.5th 1076, 1092.) "[T]he fact that a court did not specifically mention certain evidence does not mean that the court 'ignored' that evidence." (*Ibid.*) It may simply indicate that "the court did not consider such evidence to have appreciable mitigating weight." (*People v. Tully* (2012) 54 Cal.4th 952, 1064.)

The People claim the trial court could also implicitly reject the mitigating factors Negrette highlighted. They note the claim that he was mentally ill at the time he committed his most recent offenses is based on speculation and not evidence directed to the specific time he committed the offenses. It is also not consistent with our decision that affirmed his conviction. (*People v. Negrette* (Oct. 15, 2014, B248706) [nonpub. opn.].) There we concluded his 18-year sentence was "commensurate with the nature of Negrette's crimes and his *individual circumstances*." (*Ibid.*, italics added.) He has not shown that his 1991 rape offense was the product of a one-time youthful indiscretion. He was an adult, 24 years old, when he committed that offense. The claim this was an old conviction is not mitigating given his subsequent long criminal record. From this the court could find he "did not

refrain from criminal activity," he "did not add maturity to age," and he "was often in prison." (*People v. Williams* (1998) 17 Cal.4th 148, 163.)

*Abuse of Discretion in Finding*

*Negrette Was a Danger to Public Safety*

The trial court has discretion to not strike the enhancement based on its assessment that the defendant constitutes a danger to public safety. The issue on appeal is whether the court abused its discretion. (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) Negrette has the burden on that issue. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) He must show the decision is "so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

The trial court may consider the defendant's most recent crimes as a factor in deciding whether he would pose a threat to public safety. (*People v. Mendoza, supra*, 88 Cal.App.5th at p. 299.) In 2013, Negrette was convicted of two counts of second degree robbery, first degree burglary, unlawful taking of a vehicle, and evading an officer. In committing the evading offense, he drove a vehicle at speeds "in excess of 120 miles an hour." In pleading no contest, in 2013, he admitted that he had a prior strike conviction.

The trial court may also consider the defendant's prior criminal history. (*People v. Conley* (2016) 63 Cal.4th 646, 658; *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1297.) Negrette had a significant prior criminal record. In 1991, he was convicted of rape. (§ 261, subd. (a)(2).) In 1989, he was convicted of receiving stolen property. (Former § 496.1.) In 2000, he was convicted of being under the influence of a controlled substance (Health & Saf. Code, § 11550.) In that year he was

also convicted of failing to register as a sex offender. (§ 290.) In 2003, he was convicted of felony vehicle theft. (Veh. Code, § 10851, subd. (a).) In 2006, he was convicted of petty theft with priors. (§ 666.) In 2008, he was convicted of possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).)

Another factor is the defendant's performance on parole. (*People v. Williams*, *supra*, 17 Cal.4th at pp. 163-164; *People v. Stone* (1999) 75 Cal.App.4th 707, 716.) Negrette had numerous parole violations. The People's evidence showed he violated parole *five times* relating to his 1991 rape conviction. He violated parole *10 times* related to his petty theft with priors conviction.

The trial court may also consider the defendant's conduct in prison. (*People v. Conley*, *supra*, 63 Cal.4th at p. 658; *In re Lawrence* (2008) 44 Cal.4th 1181, 1219; *People v. Superior Court (Kaulick)*, *supra*, 215 Cal.App.4th at p. 1297; *In re Bettencourt* (2007) 156 Cal.App.4th 780, 804-805; *id.* at p. 804 [unsuitability for release into the community may be shown by a prisoner's " 'serious misconduct in prison' "].) Negrette's performance in prison supported the court's finding that he had not been rehabilitated. The court noted that he had "been to prison five times." Negrette repeatedly engaged in violent behavior. The People showed that in 2022 he repeatedly struck another inmate in the face. In 2019, he fought with another inmate and continued to fight even after "intervention by prison guards." In 2017, he "battered another inmate causing serious injury." The other inmate suffered "fractures in the left-side orbital bones." He committed other rules violations.

The prosecutor stated that Negrette "was offered drug treatment in the past," but he "chose not to involve himself in treatment." Negrette said he completed some rehabilitation

7

programs in prison.  But the trial court could properly consider his recent violence in prison in 2022, 2019, and 2017, and his rules violations to find that he had not shown successful rehabilitation.  (*In re Lawrence*, *supra*, 44 Cal.4th at p. 1219; *In re Bettencourt*, *supra*, 156 Cal.App.4th at pp. 804-805; *People v. Stone*, *supra*, 75 Cal.App.4th at p. 716.)

Negrette's long criminal record, parole history, and prison conduct show a three-decades-long pattern of committing crimes, recidivism, multiple parole violations, and recalcitrant and violent prison behavior.  The trial court could reasonably find this long history showed Negrette's inability to stop committing crimes and engaging in violent behavior.  It found, "Defendant's conduct while incarcerated, rather than mitigating his circumstances, actually makes his circumstances more aggravating . . . ."  It could find the combination of all these negative factors shows a threat to public safety.  (*People v. Conley*, *supra*, 63 Cal.4th at p. 658; *In re Lawrence*, *supra*, 44 Cal.4th at p. 1219.)

*The Custody Credits*

Negrette notes the trial court ordered the prison to calculate his custody credits.  It said, "[T]he Court hereby orders that [California Department of Corrections and Rehabilitation] recalculate the Defendant's credits."

The People contend that "the court and defense counsel agreed that procedure was the best course of action due to the complexity of the calculations."  But the trial court has the responsibility to decide factual issues whether routine or complex and it has the means to decide complex issues by taking evidence with the assistance of counsel.

8

Moreover, the sentencing court has the mandatory duty to determine a defendant's custody credits. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 41.) That duty cannot be delegated to another entity (*People v. Bunn* (2002) 27 Cal.4th 1, 16) or any "nonjudicial officer." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902; *In re S.H.* (2003) 111 Cal.App.4th 310, 317.)

DISPOSITION

The case is remanded to the trial court for the court to calculate Negrette's custody credits. In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

9

Clifford R. Anderson III, Judge

Superior Court County of Santa Barbara

———————————————

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.